# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| JORDAN HARRIS, | ] | |
| Plaintiff(s), | ] ] ] | |
| vs. | ] | CV04-CO-00131-S |
| CREDIT MANAGEMENT SERVICES, | ] ] ] ] | **ENTERED** FEB 0 6 2004 |
| Defendant(s). | ] | |

Initial Order Governing Proceedings in This Action

I.   Type Size.

The court requires all documents created by counsel for submission to the court to be in 14 point type, except that footnotes may be in 12 point type. This includes all motions, briefs, affidavits, etc. Evidentiary materials submitted to the Clerk for filing in accord with L.R. 5.1 may be submitted in their original form, regardless of the type size used. Page limits in this court's orders reflect an increased page allowance to accommodate the 14 point type size.



II. Rule 26(f) and LR 26.1(d) Duties.

The parties are reminded of their obligations under Fed. R. Civ. P. 26(f) and LR 26.1(d).[1] If the parties are unable to agree upon a time and place, the chambers of the undersigned judge in the United States Courthouse, 1729 Fifth Avenue North, Birmingham, Alabama can be made available. If use of the court's chambers is required, counsel should telephone chambers (205-278-1820) at least seven days prior to the meeting to advise the court. If a party is proceeding without counsel, the obligation to telephone chambers rests upon counsel for the opposing party.

The court expects a report of the parties' planning meeting in the general format of the USDC ND Ala Form 35 or Fed. R. Civ. P. Appendix Form 35 to be filed with the Clerk jointly by the parties within 10 days after the meeting. Should there be an item about which the parties disagree, the positions of the parties as to that item should be clearly set forth in separate paragraphs. Upon receipt of the report, the court will normally

---

[1]Please refer to Fed. R. Civ. P. 26(f) and LR 26.1 for the specific meeting and report requirements and the specific cases to which the rules are applicable.

enter a scheduling order. The parties should notify the court if they think a Rule 16(b) conference is necessary.

In addition to the matters required to be discussed and reported under the preceding paragraphs, the parties shall consider whether this action may be suitable for mediation under the court's ADR plan. The result of those discussions shall be included in the report to be made to the court.

The parties are authorized to commence discovery pursuant to the terms of Rule 26, Fed. R. Civ. P. and LR 26.1 immediately after the required report has been filed. In cases removed from state court and in which any discovery request(s) has been filed before such removal, such discovery request(s) shall be deemed to have been filed on the date the report required by Rule 26, Fed. R. Civ. P. and LR 26.1 is filed in this court.

Any defendant who has not been served with the summons and complaint within 130 days after the filing of the complaint will be dismissed, without further notice, unless prior to such time the party on whose behalf such service is required shows good cause why service has not been made.[2]

---

[2]The parties in Western and Eastern Division cases are advised that the court ordinarily schedules trials in Tuscaloosa for Western Division cases in the latter half of May and October of each year, and in Anniston for Eastern Division cases in the latter

III. Attorney Fee Shifting Cases.

If a party anticipates that during or upon the completion of this action it may for any reason (other than as a sanction under the Federal Rules of Civil Procedure) <u>seek an award of attorneys' fees</u> from the opposing party pursuant to any statute or other law, the party must comply with the following requirements as a precondition to any such award:

> (a)  Counsel must maintain a separate record of time with a complete and accurate accounting of all time devoted to this particular action (to the nearest 1/10 of an hour), recorded contemporaneously with the time e xpended, for each attorney and with sufficient detail to disclose the nature of the work performed in the action (*i.e.*, not just "research" but the specific matter being researched; not just "conference" but identity of persons conferring and general subject matter of the conference); and
>
> (b)  Either file a copy of the time record referred to in (a) above or file a separately prepared document setting forth the information described in (a) above with the Clerk of the Court by the fifteenth (15th) day of each month during the pendency of the action, for work done during the preceding month.[3]

---

half of August of each year. These guidelines, as well as the requirement that the discovery cutoff and dispositive motion dates must be at least one hundred twenty (120) days before the trial date, should guide counsel when fashioning the proposed discovery plan.

[3]The initial report should include time records for all work performed for which compensation will be sought before that report.

(c)     If a claim will be made for services performed by any person not a member of the bar, a separate time record shall be maintained for each such individual in accordance with (a) above and either a copy thereof or a separately prepared document setting forth the same information filed in accordance with (b) above.

(d)     The material to be filed under (b) and (c) above may be filed under seal, subject to further court order, by placing the same in a sealed envelope with the case name and number along with "ATTORNEY TIME RECORDS - FILE UNDER SEAL" written thereon.  However, if the material is filed under seal, then the filing party must, at the time of such filing, also file (and serve a copy thereof on opposing parties or their counsel) a document stating the total of the hours represented by the sealed filing, allocated as to total attorney hours and total non-attorney hours included in the current filing under seal. Upon the conclusion of this case, without further order the seal will be lifted as to all materials filed under seal.

(e) Fai<u>lure    to comply with these requirements will result in attorneys' fees being disallowed for the omitted period.</u>

IV.  Cases that Require EEOC Charges.

If this is a case in which the filing of a charge of discrimination with the EEOC or similar agency is required as a prerequisite to filing suit, within fifteen (15) days of the date on which this order is entered, the plaintiff SHALL SUPPLEMENT the complaint filed herein by filing with the Clerk of the Court:

(a) a copy of all charges of discrimination filed with the Equal Employment Opportunity Commission and which form the bases of this action; and

(b) a copy of the Equal Employment Opportunity Commission's response to all such charges of discrimination filed with that agency.

V. Motions (Other than Summary Judgment)

Prior to filing any motion ( other than a motion for summary judgment) in this case, moving counsel shall contact the opposing counsel and determine if there will be opposition to the motion. All motions SHALL include, in the caption under the case number, a notation that the motion is either "Opposed" or "Unopposed." In addition, the first paragraph SHALL briefly summarize the parties' attempt to resolve the issue and set forth areas of agreement and disagreement.

If the motion is opposed, the court will withhold ruling on the motion for a period of three business days to permit opposing counsel time to submit a response to the motion. The court may enter a briefing schedule for a particular motion which will supersede this general schedule.

VI. Motion of Counsel to Withdraw

A motion to withdraw **must** include a certification that the moving attorney has served a copy of the motion on his or her client and has informed the client of the right to file an objection with the court. Unless the party will continue to be represented by an attorney who has made an appearance in the case, the motion **must** include the notation, "Future notice to (name of party) is to be made at the following address: (state last known address of the party)."

VII. Electronic Submissions.

At this time, the Clerk of Court cannot accept fax or electronic submissions of original documents for filing.

On occasion, the court will request an electronic submission from a party to its e-mail at coogler_chambers@alnd.uscourts.gov. **Do not send anything to this email address unless requested by a member of the court staff.** If such a submission is requested, the party making the submission shall send an e-mail copy to opposing counsel at the same time the submission is made to the court. Under no circumstances shall an electronic submission be made instead of a required filing with the Clerk of Court.

Furthermore, any electronic submission shall be in addition to, rather than instead of, any courtesy copy required by this or other orders of this court. Electronic submissions will not be accepted merely because counsel is unable to deliver a hard copy in a timely fashion.

VIII.  Fictitious Parties.

There being no fictitious party practice in the courts of the United States, it is hereby ORDERED that the action be DISMISSED as to all fictitious parties. Dismissal is without prejudice to the right of any party to take advantage of the provisions of Rule 15(c), Fed. R. Civ. P.

IX.  Hand Deliveries.

If counsel wishes to provide the court with a courtesy copy of a motion or brief, or if an order of this court requires submission of a copy in addition to the original, such copy shall be clearly identified as a "**courtesy copy**" and left in the Clerk's Office for delivery to the court's chambers.  **All hand deliveries, unless otherwise instructed, are to be made to the Clerk's Office.**  Fax copies are not accepted.

X.  Summary Judgment Motions.

The parties to the above-styled action have been or will be given a deadline for the filing of dispositive motions. Any motion for summary judgment will be due on or before that deadline, and the schedule for submissions in support of and opposition to the motion will proceed as set out in this Order. Except for good cause shown, briefs and evidentiary materials that do not conform to the requirements of this order will be stricken. The following schedule and requirements for the submission of briefs and supporting or opposing materials are established:

A.  Schedule for Submissions.

1.  The moving party shall file a separate motion for summary judgment simultaneously with its initial submission.

2.  The opponent's responsive submission shall be filed not later than 21 days thereafter.

---

**NOTICE**
This order contains specific mandatory instructions regarding the preparation and submission of briefs and evidentiary materials in support of and in opposition to motions for summary judgment. These instructions *must* be followed explicitly.

3. The movant's reply submission shall be filed not later than 10 days after the date on which the opponent's responsive submission was due.

The parties shall transmit their submissions in such a manner that their opponents will not suffer any undue delay in the receipt of their service copies of any submission. It is the intent of the court that each party shall be afforded a full and fair opportunity to be heard and counsel are expected to take care that service of copies is not delayed.[4] Upon conclusion of the submission schedule, the court may take the motion under submission without further notice to the parties and materials submitted after the close of the submission schedule will not be considered in ruling on the motion.

B. Submissions.

The parties' submissions shall consist of: (1) a statement of facts; (2) a brief; and (3) evidentiary materials. The parties shall file their submission with the Clerk of the Court, and shall submit an exact copy of the

---

[4]The opposing party should receive a copy of all materials on the date the submission is made to the court.

submission to the Clerk for delivery to the court's chambers.[5] The copies for chambers shall contain the exact same materials and only the materials which are filed with the Clerk. There must be no differences between the "filed" submissions and the "copies" provided for the chambers. In the event of a later appeal, the court will not look favorably upon motions to supplement the record on appeal to add materials on the ground that such materials were submitted to the court but were not "filed" with the Clerk. The Clerk of the Court will not accept bound submissions for filing, but the court's copy of the submission *must* be bound.

1. Statement of Facts.

ATTENTION: COUNSEL FAMILIAR WITH THE COURT'S PREVIOUS PROCEDURE SHOULD NOTE THAT THE FOLLOWING INSTRUCTIONS HAVE CHANGED.

The parties shall include in their submission a statement of facts as set out in this order. The statement may be a separate document, or may be included at the beginning of the brief. In either case, it must be set out in separately numbered sentences as described below.

---

[5] Parties SHALL NOT deliver copies directly to the court's chambers.

Counsel shall state facts in clear and unambiguous, simple, declarative sentences. Color words, argument and subtle inferences *will* be reserved for the argument portion of counsel's brief. Conclusory statements which clarify counsel's legal theory are permissible, but they must be clear, unambiguous and free of color words and argument as required by this paragraph. <u>Counsel need not repeat facts which have been previously included as undisputed facts in the Joint Status Report submitted at the close of discovery.</u>

  (a) The Movant's Initial Statement of Facts. The movant shall list the undisputed facts upon which it relies to demonstrate that it is entitled to summary judgment. The list should contain only the facts which the movant contends are true and not in genuine dispute. Each such fact shall be set out in a separately numbered sentence and shall contain a specific reference to the evidentiary record which the movant claims supports it.[6] The Movant's Initial Statement of Facts shall be provided to the Opposing Party in electronic form (either on disk or by email) so that the

---

[6] Each sentence should be separately numbered with its own evidentiary citation, regardless that more than one sentence is purportedly supported by the same specific reference to the evidentiary record.

Opposing party can utilize the statement of facts without having to retype them.

    (b) The Opposing Party's Responsive Statement of Facts. Each opposing party shall submit a statement of facts containing (i) a response to the movant's claimed undisputed facts and (ii) additional undisputed facts the opposing party claims require the denial of summary judgment.

The response to the movant's facts shall be clearly designated as such, and **shall** repeat the movant's initial statement of facts with each statement followed individually by the opponents response to each numbered sentence in the movant's list of claimed undisputed facts. The response shall be either the single word "Admitted," the single word "Disputed," or a short explanatory phrase such as "Admitted but not material" or "Admitted but context clarified in brief." Any facts which are disputed shall contain a specific reference to the evidentiary record.[7] *All material facts set forth*

---

[7] The court requires each sentence to cite a reference to the record because, typically, once the movant has carried its burden, the non-movant has the burden of proof on most issues. By so requiring citation to the record, the court does not intend to prevent a non-movant from arguing that the movant has failed to carry its initial burden under *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

*in the statement required of the moving party will be deemed to be admitted for summary judgment purposes unless controverted by the response of the party opposing summary judgment with a citation to evidence.*[8]

The additional facts of the opposing party shall be clearly designated as such and shall be set forth in separately numbered sentences. The opposing party should include only facts which the opposing party contends are true and not in genuine dispute.[9] Each such sentence shall contain a specific reference to the evidentiary record which the party claims supports it.[10] The Opposing Party's Statement of Additional Facts shall be provided to the Movant in electronic form (either on disk or by email) so that the Movant can utilize the statement of additional facts without having to retype them.

---

[8] The non-moving party may, instead, demonstrate pursuant to Rule 56(f) that additional discovery is needed to controvert a particular fact.

[9] The court recognizes in some circumstances a party opposing a motion for summary judgment may want to set out facts which that party claims are true and supported by evidence, but cannot, in good conscience and consistent with Rule 11, say are undisputed. In such case, the party should include a separate section of fact statements, set out in short declarative sentences and individually numbered paragraphs, which are supported by some evidence but are in dispute. The party should include record citations which both support and contradict the alleged fact.

[10] Each sentence should be separately numbered with its own evidentiary citation, regardless that more than one sentence is purportedly supported by the same specific reference to the evidentiary record.

(c) The Reply. In its reply submission, the movant shall include a separate reply to the additional facts submitted by the party opposing summary judgment in the same format required for the opposing parties' submission. This reply to the opposing parties' additional facts shall contain an exact statement of each additional statement provided by the opposing party, including the citations of evidence, followed by a specific response to each sentence in the statement either admitting or disputing the matter set forth in that sentence and, in the case of a disputed fact, a specific reference to the evidentiary record. The movant may not include at this stage any additional undisputed facts or new evidentiary material. *All additional material facts set forth in the statement required of the opposing parties will be deemed to be admitted for summary judgment purposes unless controverted in the reply of the movant, with a citation of evidence.*

2. The Briefs.

Briefs will be filed by the Clerk in the official court record. The text of initial and responsive briefs shall not exceed 30 pages and reply briefs are

limited to 10 pages.[11] Briefs exceeding 10 pages in length shall have incorporated therein a table of contents that accurately reflects the organization of the brief itself. Tables of Contents and Statements of Facts, if incorporated in the brief, shall not be included for purposes of computing the number of pages in a brief.

  3. Evidentiary Materials.

The parties must include in their initial and responsive submissions all evidentiary materials (affidavits, exhibits, deposition excerpts, etc.) relied upon, except that evidentiary materials which were included in the movant's submission may be referenced by the party opposing the motion and need not be included again in the opposing party's submission. If the movant included document excerpts[12] in the evidentiary record of its initial submission, it may supplement, with its reply submission, the evidentiary record with further excerpts of the same document or documents if such supplementation is necessary to respond to the opposing party.

---

[11] Briefs must be typewritten and double spaced, using at least fourteen point type. Footnotes may be in twelve point type. The court expects that counsel will respect the page limitation established by this order. Transparent attempts on the part of counsel to circumvent page limitations by manipulating type sizes, margins, line spacing, etc. will not be tolerated.

[12] Deposition excerpts are acceptable.

Evidentiary materials shall be tabbed, indexed, and clearly labeled as such.[13] Each document or document excerpt shall include a brief narrative description, e.g. "Plaintiff's Exhibit 1, Excerpts from the deposition of John Jones, pp. 37-45."[14] Deposition transcripts that are submitted as part of the evidentiary record should include no more than four pages of deposition text per 8½" by 11" page.

C. Required Certification.

Counsel for either party, or any individual under the direction or control of a party, signing any document created for use in presenting or defending against a motion for summary judgment, including an affidavit, in connection, either directly or indirectly, with a summary judgment motion, response to such a motion, or a reply to any such response, shall certify by his or her personal signature and as an officer of the court that he or she has affirmatively and diligently sought to submit to the court only those documents, factual allegations, and arguments that are material to

---

[13] In accord with Local Rule 5.1, evidentiary materials will be accepted by the Clerk for filing if there is some clear indication that they are being filed in connection with a motion. The parties are responsible for ensuring that their evidentiary materials are acceptable for filing with the Clerk of Court. The copies submitted to the Clerk for delivery to the court's chambers shall be identical to the filed copies in all respects.

[14] A reference to that exhibit in the statement of facts or brief might be, "Plaintiff's Ex. 1, p. 41." The court does not, however, require any specific form as long as specific page references are used.

the issues to be resolved in the motion, that careful consideration has been given to the contents of all submissions to ensure the submission does not include vague language or the overly broad citation of evidence, and that all submissions are non-frivolous in nature.

D. Oral Argument.

The court will normally decide dispositive motions on the written submissions, and will notify counsel if it requires oral argument. The parties can request oral argument, but a request for oral argument must be made by separate motion at any time prior to three days after the close of the briefing schedule.

Done this 6th day of February 2004.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE