**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**
**CIVIL ACTION NUMBER CV04-CO-131-S**

FILED
04 FEB 20 PM 4: 18
U.S. DISTRICT COURT
N.D. OF ALABAMA

**JORDAN HARRIS, et al,**

**Plaintiffs,**

**vs.**

**CREDIT MANAGEMENT SERVICES, et al,**

**Defendants.**

## REPORT OF PARTIES' PLANNING MEETING

1.     Pursuant to Federal Rules of Civil Procedure Rule 26(f) and United States District Court, Northern District of Alabama, Local Rule 26.1, a meeting was held on the 11th day of February 2004 at the offices of Lloyd, Gray & Whitehead, P.C., 2501 Twentieth Place South, Suite 300, Birmingham, Alabama 35223 and was attended by:

For Plaintiffs:
    Jordan Harris
    Lanier Harris

Bill Thomason
Thomason & Thomason, LLC
P.O. Box 627
Bessemer, Alabama 35021
Phone:    205-428-0702
Facsimile:   205-428-7890

For Defendants:
    Credit Management
        Services, Inc.
    Rhodes College
    Maurice Parker

Laura C. Nettles
Matthew P. Teague
Christopher D. Cobb
Lloyd, Gray & Whitehead,
LLC
2101 Twentieth Place South
Suite 300
Birmingham, Alabama 35223
Phone: 205-967-8822

Facsimile:   205-967-2380

2.    Pre-Discovery Disclosures.  The parties will exchange, by the 10th day of March 2004, the information required by Rule 26(a)(1), Federal Rules of Civil Procedure.

3.    Discovery Plan.  The parties jointly propose to the court the following discovery plan:

a.    Discovery will be needed on the following subjects:

(1)    The contentions of the Defendant Rhodes College ("Rhodes") regarding claims against either of the Plaintiffs.

(2)    Records of the Defendants that relate to telephone calls placed to Plaintiff Lanier Harris.

(3)    Records of the Defendants that relate to any reports that the Defendants have made to Credit Reporting Agencies regarding claims that Rhodes is asserting as a result of Jordan Harris' attendance at Rhodes college.

(4)    Manuals and other documents that relate to standard collection practices of Credit Management Services, Inc. ("CMS")

(5)    Records regarding complaints that CMS has received regarding its collection practices.

(6)    Records of CMS that relate to other actions that have been filed against it wherein the Plaintiff or Plaintiffs contend that CMS has engaged in abusive, excessive or otherwise unreasonable collection activity.

(7)    Records, including tape recordings, of CMS that relate to the contents of any conversation between any representative of CMS and Lanier Harris.

(8)    Records of Lanier Harris that relate to collection calls received.

(9)    Lanier Harris' home telephone records, business telephone records, and cellular telephone records.

(10)    Jordan Harris' home telephone records, business telephone records, and cellular telephone records.

(11)    Lanier Harris' medical records regarding any claims for damages against any and all defendants.

(12)   Any and all tape recordings, records, documents or anything else to be used as evidence regarding any conversation between any of the defendants and either Jordan and/or Lanier Harris.

(13)   Any agreement regarding tuition between Jordan Harris and Rhodes.

(14)   The recruitment of Jordan Harris by any person, including coaches and alumni, to play football at Rhodes.

(15)   Any agreement between Jordan Harris and his grandfather to pay tuition.

(16)   Any agreement between Lanier Harris and Jordan Harris' grandfather regarding the payment of Rhodes tuition.

(17)   All other issues not specifically set forth in this report which may arise throughout the course of this litigation.

b.   All discovery commenced in time to be completed by 31 August 2004.

c.   Maximum of 25 interrogatories by each party to any other party.  Responses due 45 days after service.

d.   Maximum of 25 requests for admission by each party to any other party.  Responses due 45 days after service.

e.   Maximum of 5 depositions by plaintiffs and 8 by defendants.

f.   Each deposition is limited to maximum of 8 hours unless extended by agreement of the parties.

g.   Reports for retained experts under Rule 26(a)(2) due:
(1)   from plaintiffs by 31 March 2004
(2)   from defendants by 30 September 2004

h.   Supplementations under Rule 26(e) due 30 September 2004.

i.   Expert discovery to be completed by 31 October 2004.

4.   Other Items:

a.   The parties do not request a conference with the court before entry of the scheduling order.

b.   The parties request a pretrial conference in December 2004.

c.   Plaintiffs should be allowed until 15 September 2004 to join additional parties and until 15 September 2004 to amend the pleadings.

    d.     Defendants should be allowed until 30 September 2004 to join additional parties and until 30 November 2004 to amend the pleadings.

    e.     All potentially dispositive motions should be filed by 30 November 2004.

    f.     Settlement cannot be evaluated prior to 31 August 2004. Settlement may be enhanced by mediation.

    g.     Final lists of witnesses and exhibits under Rule 26(a)(3) should be due:

        (1) from Plaintiffs by 15 November 2004

        (2) from Defendants by 1 December 2004

    h.     Parties should have 10 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

    i.     This case should be ready for trial by January 2005. It is expected to take approximately 2 days.

                    Bill Thomason (THO006)
                    Attorney for Plaintiffs

**OF COUNSEL:**
Thomason & Thomason, LLC.
P. O. Box 627
Bessemer, Alabama 35021
(205) 428-0702

                    Laura C. Nettles (NET006)
                    Matthew P. Teague (TEA010)
                    Attorneys for Defendants.

OF COUNSEL:
Lloyd Gray & Whitehead, PC
2501 Twentieth Place South, Suite 300
Birmingham, Alabama 35223