FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION          04 FEB 25 AM 10: 27

DISTRICT COURT
N.D. OF ALABAMA

JORDAN HARRIS,                    ]
                                  ]
   Plaintiff(s),              ]
                                  ]
vs.                               ]     CV04-CO-00131-S
                                  ]                              **ENTERED**
CREDIT MANAGEMENT                 ]                              FFB 2 5 2004
SERVICES,                         ]
                                  ]
   Defendant(s).              

---

**NOTICE**
This order contains specific mandatory time limits governing all future proceedings in this action. Parties and counsel are expected to abide by these limits and the court will not modify the limits except for good cause.

---

### SCHEDULING ORDER (New Rules)

This order is entered under Fed. R. Civ. P. 16(b) based on the parties report of planning meeting.

    1.    Pleadings: No causes of action may be added by plaintiff(s) after 9/15/2004. No defenses or claims may be added by defendant(s) after 9/15/2004.

    2.    Parties: No parties may be added by plaintiff(s) after 9/15/2004. No parties may be added by defendant(s) after 9/15/2004.

    3.    Mediation: The Court will enter a mediation order on 7/1/2004, unless the parties notify the Court in advance that mediation will not be



helpful. A short letter or call to chambers is all that is necessary to prevent entry of the mediation order.

    4.    Dispositive Motions: All potentially dispositive motions must be filed by 11/30/2004.

    5.    Expert Testimony: Unless modified by order of the court, the disclosures of expert witnesses--including a complete report under Fed. R. Civ. P. 26(a)(2)(B) from any specially retained or employed expert--are due.
From plaintiff(s):    by 3/31/2004
From defendants(s):    by 9/30/2004

---

**NOTICE**
This standard order has recently been changed to include a requirement that the parties submit a joint status report at the close of discovery.

---

    6.    Discovery limitations and cutoffs:
        (a)    Unless modified by order of the court:

Depositions:    Max. 05 by plaintiff(s); Max. 08 by defendant(s).
                Maximum of 08 hrs. per deposition.

Interrogatories:    Max. 25 by plaintiff(s), answer in 45 days.
                Max. 25 by defendant(s), answer in 45 days.

Req. to Admit:    Max. 25 by plaintiff(s), answer in 45 days.
                Max. 25 by defendant(s), answer in 45 days.

Doc Requests:    0 by plaintiff(s)
                0 by defendant(s)

        (b)    Unless modified by court order for good cause shown:

Supplementation:    Supplementation of disclosures and discovery

under Fed. R. Civ. P. 26(e) due by 8/1/2004

Deadline: All discovery must be commenced in time to be completed by 8/31/2004

7. JOINT STATUS REPORT:
Deadline: 8/31/2004
On or before the close of discovery, the parties shall submit a JOINT STATUS REPORT including: (a) A narrative statement of the case, which briefly summarizes the case without using "color" words or argument; (b) the undisputed material facts for which there
is no reasonable basis for disagreement, set out in separately numbered paragraphs; (c) each plaintiff's claims, including each legal theory relied upon and the factual allegations he/she expects to prove in support of each legal theory; (d) for each claim against him, each defendant's legal theory, including the factual allegations he/she expects prove in support of each such legal theory.

The joint status report will be used in any subsequent summary judgment proceedings and shall be incorporated, in substantially unchanged form, in the final pretrial order. In setting out claims and defenses, vague, conclusory and general claims and allegations are not acceptable. In other words, <u>no weasel wording</u>. By this stage of the proceedings the parties are expected to know what the claims and defenses are and must state precisely the issues expected to be tried. Each claim or defense must be set out in separately numbered paragraph, appropriately labeled. <u>Think common law pleading</u>. Under each claim or defense, the party shall list any citations to the major cases, statutes, etc. that support the legal theory.

Where practicable, the court would like to have a magnetic copy of the joint status report on disk in any common IBM compatible computer format.

8. Additional conference(s): to be scheduled on or after 4/1/2005

3

9. Final lists: Final lists of trial witnesses, exhibits, and objections under Fed. R. Civ. P. 26(a)(3) must be served and filed:

Witnesses --plaintiff(s) by 11/15/2004
--defendant(s) by 12/1/2004

Exhibits --plaintiff(s) by 11/15/2004
--defendant(s) by 12/1/2004

Objections are to be filed within 10 days after receipt of list(s).

10. Non-jury Trial: set for 5/11/2005 to be held in Birmingham, AL.

Marking of Exhibits. Each party that anticipates offering as substantive evidence as many as six (6) exhibits shall premark its exhibits in advance of trial, using exhibit labels and lists available from the Clerk of Court. By the time of trial, a copy of the exhibit list shall be served and filed, with the exhibits being made available for inspection by opposing counsel; the presentation of evidence at trial will not ordinarily be interrupted for opposing counsel to examine a document that has been so marked and made available for inspection.

Done, this 25th of February, 2004.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE